IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEBORAH COOK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 09-275-GPM |
| | ) |
| **IPC INTERNATIONAL CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On April 9, 2009, Plaintiff Deborah Cook (Plaintiff) filed a two-count Complaint alleging Defendant IPC International Corporation (IPC) violated Title VII of the Civil Rights Act of 1964, as amended in 1991, via sexual discrimination, a hostile work environment that culminated in her termination, and retaliation (Doc. 4). Now before the Court is Plaintiff's Motion to Strike Defendant's Rule 26(a)(3) Disclosures (Doc. 33), and IPC's Motion for Leave to File Motion for Summary Judgment (Doc. 36). The common thread between these two motions is that both involve IPC's attempt to file important papers long after the applicable deadlines.

In her Motion to Strike, Plaintiff correctly notes that IPC did not seek leave of the Court to file its Rule 26(a)(3) disclosures out of time. In its Response to Plaintiff's motion, IPC states that on June 30, 2010, it received email notification from this Court's Deputy Clerk which included pretrial conference and Federal Rule of Civil Procedure 26 notice instructions (Doc. 35, ¶ 7). This notice clearly states the following:

F.R.C.P. 26(a)(3) — pretrial disclosures, for some reason, do not receive the

> required attention. Here, we are not really dealing with discovery at all. The specified witness list, the designated deposition testimony, and the exhibit list are mandatory. Moreover, *the deadlines and the consequences for failing to comply are mandatory and draconian.* Thirty days prior to the presumptive trial month, electronically file your Rule 26(a)(3) disclosures. . . .

Email Notice to All Counsel of Record, sent June 30, 2010 (emphasis added). In spite of this clear guidance, and fully aware that the presumptive trial month was August 2010, IPC states, "[h]aving just received instruction on Rule 26 disclosures on June 30th, it would not be prudent to presume the deadline to file Rule 26 disclosures the very next day." (*Id.* at ¶ 8). To the contrary, it is always prudent to presume that full compliance with a court's deadline is mandatory and should be taken seriously. Instead, relying on its imprudent and unfounded assumption, IPC did not file its Rule 26 disclosures until three weeks past the deadline. The imprudence of IPC's delay is further magnified by the fact that any doubt as to the Court's expectations regarding its deadlines could have been resolved easily with a quick email or phone call.

In its response, IPC also indirectly asserts that it disregarded the Court's deadline, at least in part, because the Settlement Conference was pushed back until late in July. Settlement Conferences are set for the benefit of the parties, but they in no way change or delay the requirements clearly set forth in the Court's Notice. Further, Federal Rule of Civil Procedure 26(a)(3)(B) makes clear that a court may set and determine its own disclosure deadlines. Neither this Court's Notice nor the Rules of Civil Procedure states that deadlines are suspended for the purpose of Settlement Conferences. As such, any delay in the Settlement Conference provides absolutely no justification for IPC's untimeliness.

As IPC correctly notes, "[t]he determination of whether a Rule 26(a) disclosure is justified or harmless is entrusted to the broad discretion of the district court." *Mid-America Tablewares, Inc.*

*V. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996).  Here, the reasons given by IPC for its untimely disclosure are wholly inadequate.  IPC claims that its untimeliness was due to various mistaken assumptions and that there was no bad faith.  While this is likely true, it is not an adequate excuse for failing to comply with the Court's deadline.  Further, IPC's delay is not harmless to Plaintiff as the time to depose newly identified "may call" witnesses has long passed, and newly identified exhibits also may no longer be challenged or vetted via the deposition process.  Therefore, Plaintiff's Motion to Strike Defendant's Rule 26(a)(3) disclosures is **GRANTED** and Defendant IPC International Corporation **SHALL** be barred from presenting evidence.

It should come as no surprise then that the Court also views IPC's Motion for Leave to File Motion for Summary Judgment (Doc. 36) out of time with similar disfavor.  On September 4, 2009, a dispositive motion deadline of April 23, 2010 was set in this case.  Now, over three months after this deadline has passed, IPC seeks leave to file a Motion for Summary Judgment.  Here, IPC's request is not only late, but extremely late.  IPC suggests that discovery was ongoing well past the April 23, 2010 deadline, "by agreement of the parties" (Doc. 36, ¶ 2).  What the parties agree to has absolutely no bearing on the Court's deadlines unless, of course, those parties timely request an extension from the Court.  No such extension was sought here, and IPC's justifications for its extreme tardiness are, once again, wholly inadequate.  As a result, IPC's Motion for Leave to File Motion for Summary Judgment (Doc. 36) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  08/04/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge