IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH COOK, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) CASE NO. 3:09-cv-00275-GPM-CJP |
| | ) |
| IPC INTERNATIONAL CORPORATION, | ) |
| | ) |
| Defendant(s). | ) |

**IPC INTERNATIONAL CORPORATION'S RESPONSE TO PETITION FOR FEES**

Defendant, IPC International Corporation ("IPC") by and through its attorneys Daniel J. Boddicker, Keefe, Campbell & Associates, LLC, for its response to the Plaintiff's Petition for Fees states:

1. This matter was set for jury trial on Tuesday, September 7, 2010.

2. On September 7, 2010, the parties appeared at the East St. Louis Courthouse for trial and began preliminary matters with the Court including arguing some motions in limine and discussing proposed exhibits.

3. The Court on its own motion first orally and then by order dated September 7, 2010 (Doc. 56 and Doc. 57) struck the case from the docket and reset the same for jury trial on February 22, 2011.

4. The Court noted in its Order of September 7, 2010 that "Upon taking up the issue of the proposed exhibits, the Court understood each counsel to suggest that the other was misleading the court, but both denied this was so. Plaintiff's counsel insisted on strict enforcement of Rule 26, irrespective of what he now says was not dishonest or

1

unprofessional conduct on the part of defense counsel. So, in the interest of justice, a continuance is in order." (Doc. 57).

5. The Court also ordered it will not consider a dispositive motion for the defense and will strictly enforce Rule 26(a) (3) (A) and (B). (Doc. 57).

6. The Court vacated the previous orders barring witnesses and exhibits and the rulings regarding the motions in limine. (Doc. 57).

7. IPC's counsel and IPC, like Plaintiff and Plaintiff's counsel, prepared for motions in limine and trial and appeared on September 7, 2010 in the East St. Louis Courthouse.

8. Plaintiff now seeks attorney's fees as a result of responding to Rule 26(a)(3) irregularities, the "untimely" motion for summary judgment, the motions in limine, and trial preparation which is alleged will have to be repeated.

9. IPC believes Plaintiff's underlying claims in this lawsuit are baseless and that Plaintiff will not succeed and or prevail in her claims.

10. Title VII authorizes the court in its discretion to award "reasonable" attorneys' fees to a "prevailing party" as costs. 42 U.S.C. § 2000e-5(k).

11. The Supreme Court has held that a "prevailing party" in a Title VII case is one who has success on any significant issue in a case that achieves "some of the benefit" sought by a plaintiff sufficient to cross "the threshold to a fee award of some kind." *Texas State Teachers Ass'n v. Garland Independent School District*, 489 U.S. 782, 103 L.Ed.2d 866, 109 S.Ct. 1486, 1493 (1989), quoting *Nadeau v. Helgemore*, 581 F.2d 275, 278(1st Cir. 1978).

12. Although IPC believes Plaintiff will not prevail at trial, the Court ordered on September 7, 2010 it will not consider a dispositive motion and Plaintiff therefore

will get her day in court. If she prevails at trial the Court will have discretion to award Plaintiff reasonable attorneys' fees at that time. (Doc. 57).

13. Plaintiff in its Petition for Fees relies on the position that assessment of attorney's fees is within the inherent power of the court, citing *Chambers v. NASCO, Inc*., 501 U.S. 32, 45, 111 S.Ct. 2123, 2132-33 (1991).

14. In *Chambers*, sanctions of attorneys fees were allowed based on alleged sanctionable conduct by defendants including that defendants had (1) attempted to deprive the Court of jurisdiction by acts of fraud, (2) filed false and frivolous pleadings, and (3) attempted, by other tactics of delay, oppression, harassment and massive expense to reduce plaintiff to exhausted compliance. *Id*. At 41. Our case has no similar facts.

15. Inherent powers must be exercised with restraint and discretion. *Id*. at 44, citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed. 2d 488(1980).

16. The "American Rule" prohibits fee shifting in most cases. *Id*. at 45, citing *Aleyska Pipeline Service Co., v. Wilderness Society*, 421, U.S. 240, 259, 95 S. Ct. 777, 83 L.Ed.2d 141 (1975). The Supreme Court stated the "American Rule" as the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser. *Aleyska Pipeline Service Co., v. Wilderness Society*, 421 U.S. 240, 247, 95 S. Ct. 777, 83 L.Ed.2d 141 (1975).

17. The *Chambers* Court stated that as explained in *Aleyska* the narrowly defined exceptions to the American Rule which allow federal courts inherent power to assess attorneys fees fall into three categories. *Chambers v. NASCO, Inc*., 501 U.S. 32, 45, 111 S.Ct. 2123, 2132-33 (1991).

18. The first exception to the American Rule stems from a courts equity jurisdiction and allows a court to award attorney's fees to a party whose litigation efforts directly benefit others. Id.

19. The second exception to the American Rule is the willful disobedience of a court order…as part of a fine to be levied on the defendant. *Aleyska Pipeline Service Co., v. Wilderness Society*, 421, U.S. 240, 258, 95 S. Ct. 777, 83 L.Ed.2d 141 (1975), citing *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 426-428, 43 S.Ct. 458, 465-466, 67 L.Ed. 719 (1923), *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967). None of the three exceptions to the American Rule were involved in *Aleyska*.

20. In *Fleischmann*, a trademark infringement case where an injunction was granted and attorneys fees awarded which award was reversed by the Appellate Court, the Supreme Court cited the limited exceptions to the American Rule, did not extend them to the Lanham Act, and held that section 35 of the Lanham Act marked the boundaries of the power to award monetary relief in cases arising under the Act. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 721, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967).

21. In *Toledo Scale* the Supreme Court allowed an award of attorneys fees as part of a fine to be levied on the defendant in a civil contempt action occasioned by willful disobedience of a court decree where the losing party obstructed the process of the court by enjoining, through means of a new suit for injunction in another court, the sureties obliged to respond to the decree of the original court upon execution. *Toledo*

*Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 427-428, 43 S.Ct. 458, 67 L.Ed. 719 (1923).

22. The third exception to the American Rule is when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Aleyska Pipeline Service Co., v. Wilderness Society*, 421, U.S. 240, 258, 95 S. Ct. 777, 83 L.Ed.2d 141 (1975).

23. As stated in the Court order of September 7, 2010, Plaintiff did not allege dishonest or unprofessional conduct by defense counsel. (Doc. 57).

24. The facts of this case do not fall within an exception to the American Rule.

25. On September 7, 2010, Plaintiff's counsel sought strict enforcement of Rule 26. The Court ordered a continuance on the Court's own motion.

26. Both parties prepared for the trial date of September 7, 2010 and incurred time and expense in doing so. If the Court were to allow Plaintiff attorneys' fees at this time due to the continuance made on the Court's own motion why would it not also allow IPC attorneys fees for its counsel's trial preparation?

27. The Court has ensured Plaintiff her day in Court by not allowing dispositive motion. Should Plaintiff prevail on her claims the Court will have discretion to award her attorneys' fees as a prevailing party.

28. Plaintiff's counsel may not approve of the Court's order continuing the trial date but Plaintiff should not be granted attorneys' fees due to the Court's continuance.

29. The Court must enforce the American Rule at this time and deny Plaintiff's Petition for Fees.

WHEREFORE, IPC respectfully prays for entry of an order denying Plaintiff's Petition for Fees.

Dated: October 7, 2010

                                               Respectfully Submitted,

                                               /s/ Daniel J. Boddicker
                                               Daniel J. Boddicker

Daniel J. Boddicker
Keefe, Campbell & Associates, LLC
118 N. Clinton St.
Suite 300
Chicago, IL 60667
Telephone: (312)756-1800
Facsimile: (312) 756-1901
E-mail: dboddicker@keefe-law.com
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DEBORAH COOK, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) CASE NO. 3:09-cv-00275-GPM-CJP |
| | ) |
| IPC INTERNATIONAL CORPORATION, | ) |
| | ) |
| Defendant(s). | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2010, I electronically filed the foregoing Defendant, IPC International Corporation's Response to Petition for Fees with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Lee W. Barron at barronatty@aol.com

s/ Daniel J. Boddicker
Attorney for IPC International Corporation

Keefe, Campbell & Associates, LLC
118 N. Clinton St.
Suite 300
Chicago, IL 60667
Telephone: (312)756-1800
Facsimile: (312) 756-1901
E-mail: dboddicker@keefe-law.com
ATTORNEY FOR DEFENDANT