IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH COOK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 09-cv-00275-GPM-CJP |
| ) | |
| ) | |
| IPC INTERNATIONAL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S LOCAL RULE 7.1 (h) MOTION FOR ORAL ARGUMENT ON PLAINTIFF'S RULE 59 MOTION FOR A NEW TRIAL

Plaintiff most respectfully requests, pursuant to Local Rule 7.1 (h), that this Court set Plaintiff's Motion for a New Trial for oral argument. Consistent with the requirements of Local Rule 7.1 (h), plaintiff indicates that the reasons oral argument is requested include the following:

1.   The law in this matter has been dramatically altered since the United States Supreme Court ruling in *Staub v. Proctor Hosp.*, 131 S. Ct. 1186 (U.S. 2011). Since *Staub* was handed down shortly after the verdict in this case, none of the parties nor the Court had the opportunity at the jury instruction conference or at any other point during the trial to discuss or argue the significant and control implications of *Staub*.

2.   In *Staub* the Supreme Court clearly articulated a simple and straight forward "proximate cause" requirement, stating, " proximate cause requires only 'some direct relation between the injury asserted and the injurious conduct alleged,' and excludes only those 'link[s] that are too remote, purely contingent, or indirect.'" *Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1192 (U.S. 2011).  Plaintiff believes it may be helpful to the Court to have an opportunity for counsel for the respective parties to address the language found in *Staub* and explain, from their respective positions, how the "sole" decision maker language submitted to the jury can or can

not be reconciled with *Staub's* acknowledgment that "it is common for injuries to have multiple proximate causes."  *Staub*, 131 S. Ct. at 1192.

      3.      In defendant's Response to the Motion for New Trial defendant entirely ignores the jury's notes focused on the proximate cause issue, the "sole" decision maker instruction, and the simple "proximate cause" standard recently articulated by our Supreme Court. At trial plaintiff repeatedly and respectfully urged this Court to reject the "sole" proximate cause approach that the Court was adopting. Plaintiff believes oral argument in the District Court will be a method to avoid unnecessary expenditure of attorneys' fees and that defendant should be provided with another opportunity to articulate how defendant believes the "sole" decision maker instruction can possibly be consistent with the Supreme Court's explicit holding that "if a supervisor performs an act motivated by [discriminatory/retaliatory] animus that is intended by the supervisor to cause an adverse employment action, and **if that act is a proximate cause of the ultimate employment action, then the employer is liable** ..."  *Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1194 (emphasis added)

      4.      Defendant, in the middle of page four of its Response, appears to suggest that defendant filed Rule 26 (a)(1) initial disclosures. This is inaccurate. As has been previously pointed out and previously conceded by defendant, defendant never filed Rule 26 (a)(1) initial disclosures. Further, defendant never supplemented or amended its answers to plaintiff's interrogatories which answers identified only Spann and Colburne. This Court, *sua sponte* continued this matter, and gave defendant nearly six months to supplement its answers to interrogatories and still defendant never supplemented or amended its answers to identify person defendant now claims were the actual – but unidentified – decision makers. That those names

may have been mentioned in passing in a deposition does not relieve the defendant of the obligation to make full and complete responses to interrogatories.

WHEREFORE, for the reasons stated above, plaintiff respectfully requests that this Court set this matter for Oral Argument consistent with Local Rule 7.1 (h) (1), or in the alternative consistent with Local Rule 7.1 (h) (4), grant the plaintiff's Motion for New Trial without oral argument.

                              Respectfully submitted,

                              DEBORAH COOK

BY:   *s/ Lee W. Barron*
       Lee W. Barron, #06195132
       112 Front Street
       Alton, IL 62002
       Telephone: (618) 462-9160
       Facsimile: (618) 462-9167
       E-mail: barronatty@aol.com

       ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:09-cv-00275-GPM-SCW |
| | ) |
| IPC INTERNATIONAL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 28, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Arik Hetue: ahetue@keefe-law.com

                               DEBORAH COOK

BY:   *s/ Lee W. Barron*
        Lee W. Barron, #06195132
        112 Front Street
        Alton, IL 62002
        Telephone: (618) 462-9160
        Facsimile: (618) 462-9167
        E-mail: barronatty@aol.com

        ATTORNEY FOR PLAINTIFF