IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEBORAH COOK                                      )
                                                  )
        Plaintiff,                                )
                                                  )
v.                                                )        Cause No. 09-cv-00275-GPM-CJP
                                                  )
                                                  )
IPC INTERNATIONAL CORPORATION,                    )
                                                  )
        Defendant.                                )

## PLAINTIFF'S RESPONSE IN COMPLIANCE WITH COURT ORDER OF JUNE 2, 2011 SEEKING MORE DEFINITE ACCOUNTING

COMES NOW the plaintiff , DEBORAH COOK, by and through her undersigned

attorney, and for her compliance with this Court's Memorandum and Order of June 2, 2011

states as  follows:

1.      By Order dated June 2, 2011,this Court instructed plaintiff's counsel "to provide

the Court with a more definite account of what expenses were incurred that would not otherwise

have been incurred." [Doc.106]

2.      Plaintiff's counsel on September 23, 2011 represented to this Court that plaintiff

had incurred fees in the amount of $18,420 as a result of responding to the Rule 26(a)(3)

irregularities, the untimely motion for summary judgment, the motions in limine, and trial

preparation which would need to be repeated when the case was retried approximately six

months later in late February 2011. [Doc. 61]

3.      As detailed in Exhibit A to Doc. 61 [61-1] Plaintiff sought  61.4 hours in fees.

These 61.4 hours are not by a long shot the full amount of fees incurred prior to September 23,

2010 but only a modest amount of hours that flow directly from responding to the Rule 26(a)(3)

irregularities, the untimely motion for summary judgment, the motions in limine, and trial preparation engaged in specifically for the September 2010 trial date.

4.      While the Court instructs plaintiff's counsel "to provide the Court with a more definite account of what <u>expenses</u> were incurred that would not otherwise have been incurred," plaintiff understands the term "expenses" as used in the June 2, 2011 Order to mean the time or hours devoted to trial preparation and not technically "expenses" as that term might be used elsewhere.[1]  Plaintiff has not sought "expenses," such as administrative and support staff time, copying costs, or travel to Court in September 2010; plaintiff instead sought a modest amount of attorneys' fees related to the time incurred by plaintiff's counsel to respond to defendant's Rule 26(a)(3) violations, other untimely motions, unique preparation for the September 2010 trial, and the continuance of the September 2010 trial date.

5.      Plaintiff below provides the Court with a more definite accounting and rationale for why plaintiff believes defendant should pay the requested fees:

<u>7/26/10</u>: Well past the deadline for a Rule 26 (a)(3) disclosure, defendant provided plaintiff a large volume of documents and information as part of an untimely Rule 26(a)(3) disclosure. Plaintiff's counsel was in the summer of 2010 well aware of this Court's admonition

---

[1]      That there is technically a difference between "expenses" and "fees" is suggested by 28 USCS §1927 which reads, inter alia, "**Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct**."

to all "Counsel of Record" regarding Rule 26(a)(3) which was then found and is still found on

this Court's web site.

> This Court's "**Notice to All Counsel of Record**" reads as follows:
>
> F.R.C.P. 26(a)(3) – pretrial disclosures, for some reason, do not receive the required attention. Here, we are not really dealing with discovery at all. The specified witness list, the designated deposition testimony, and the exhibit list are mandatory. Moreover, <u>the deadlines and the consequences of failing to comply are mandatory and draconian</u>.  (Emphasis added.)

Plaintiff's counsel took very seriously this Court's admonition that compliance with Rule

26(a)(3) is "mandatory" and the failure to comply is "draconian."  Taking very seriously this

Court's admonition regarding the importance of complying with Rule 26(a)(3), plaintiff's

counsel immediately began preparing to draft a motion to strike defendant's untimely Rule

26(a)(3) filing.  The time accounted for on July 26, 2010 (1.5 hours) is simply the time expended

to review the untimely Rule 26(a)(3) disclosures in preparation for the filing of a motion to

strike.  Defendant, in its Rule 26(a)(3) disclosure explicitly stated, "*Please note this is not*

*Defendant's final trial exhibit list*."  [Doc. 32, p. 2, ¶ 3]   Plaintiff is not  – in Exhibit A to Doc.

61 – seeking reimbursement for the full amount of time required to review all these documents in

detail.  Given the huge volume of documents (77 proposed exhibits) the time to actually review

the Rule 26(a)(3) disclosure and to review all the proposed documents in detail would be and

was much greater than 1.5 hours. By way of example, and to appreciate the demanding nature of

the time to perform even a cursory review of the defendant's Rule 26(a)(3) disclosure, the Court

can note that included among defendant's 77 potential exhibits were:

> **Ex. 31**  "Pre-Assignment and Basic Training Workbook" (*32 pages*)
>
> **Ex. 30** Certified Instructor Program "Self Study Workbook and Certification Exam" (*110 pages*)

**Ex. 56** Spaulding Personnel File (*103 pages*).

A simple and even cursory review of 103 pages of a personnel file by itself would take at least 20 to 30 minutes.

To prepare to object to the Rule 26(a)(3) motion to strike, plaintiff's counsel had to review, page-by-page, the 77 exhibits that were included in defendant's Rule 26 (a)(3) disclosure and to compare those 77 documents with what had been previously produced to plaintiff. This is a significantly different process than simply reviewing documents that might be produced during the course of litigation. It is clear that the time sought, 1.5 hours for this process, is a fair and extremely modest amount of time related solely to the untimely Rule 26(a)(3) disclosure, and should not be confused for a full and complete and significantly more time consuming review that would and did incur on a different date in this matter.

As to trial preparation, this was an extremely difficult and awkward case to prepare for trial in August and September 2010. Initially the Court struck all of defendant's witnesses and exhibits. The Court then changed its mind and permitted defendant to offer some evidence but it was unclear, even as late as September 3, 2010, how the Court was going to respond to defendant's multiple violations of rule and procedure.

6.      This Court's Order of June 2, 2011 appears to seek only a "clarification" whether the documents reviewed as a result of defendant's untimely Rule 26(a)(3) disclosure were "all documents [that] would have required counsel [to] review in any circumstances." Plaintiff's counsel has fully responded to that request for clarification. The remainder of the fees sought in Document 61-1 go to either responding specifically to the legal issues created by defendant's failure to comply with Rule 26(a)(3) and the grossly untimely motion for summary judgment, or

to trial preparation that was done in advance of the September 7, 2010 trial and had to be

repeated in February 2011.  All documents reviewed in preparation for trial in September 2010

were documents that had to be reviewed again in preparation for trial six months later.  The final

trial preparation work that was done in preparation for the September 7, 2010 trial date that

appears in Document 61-1 was work that was required to be repeated in preparation for late

February 2011.[2]  As a result of the defendant's failure to comply with Rule 26(a)(3), the Court

on September 7, 2011, *sua sponte*, entered an order continuing the trial for approximately six

months.  In entering an order continuing the trial, on the day of trial, the Court directly made

reference to defendant's counsel potential exposure to a malpractice claim.

7.      At no time during this case has counsel for plaintiff ever shown anything but the

utmost respect for this Court.  In an Order [Doc. 57] the Court indicated that "Plaintiff's counsel

insisted on strict enforcement of Rule 26."  Plaintiff's counsel has attempted at all times, in this

litigation and in all other litigation to treat all counsel, witnesses, and parties with courtesy and

respect.[3]  Plaintiff's counsel very much hopes the Court appreciates that plaintiff's counsel has

simply attempted to fully honor, enforce, and respect this Court's explicit statement that the

"consequences of failing to comply [with Rule 26(a)(3)] are mandatory and draconian."

---

[2]      September 7, 2010 was the Tuesday following Labor Day 2010.  Instead of spending Labor Day 2010 with his family, plaintiff's counsel devoted over 12 hours of that Labor Day to final trial preparations.

[3]      Plaintiff's counsel, knowing that he is as prone to mistakes as anyone else, has frequently extended multiple courtesies to opposing counsel in all cases.

8.      To date the only consequence that flowed from defendant's failure to comply with

Rule 26(a)(3) was defendant being rewarded with a continuance of the trial.[4]  Plaintiff, in her

petition for fees incurred as a result of the defendant's violations of Rule 26(a)(3) and the other

matters addressed in her petition for fees carefully, fairly, and modestly limited the fees sought

so as not to be duplicative with the full amount of fees expected to be awarded in this matter.

Plaintiff's counsel affirmatively represents to this honorable Court that the fees sought in

Document 61-1 are fees that are directly attributable to defendant's failure to comply with Rule

26(a)(3), defendant's grossly untimely motion for summary judgment, and trial preparation that

was unique to the September 7, 2010 trial date.  None of the expenses or fees sought in

Document 61-1 are fees or expenses that would have been incurred except for the continuance of

the trial and the defendant's procedural improprieties that lead to the continuance of the

September 2010 trial.  Plaintiff most respectfully suggests that the consequence of defendant

paying the modest amount of fees sought in Document 61-1 is fair, just and proper.

WHEREFORE, Plaintiff respectfully requests that this Court award fees to plaintiff in the

amount of $18,420 consistent with the Petition for Fees [Doc. 61] filed on September 23, 2010 in

this case.

---

[4]      Compounding defendant's violations of Rule 26(a)(3) was defendant's response
to its own failure to comply. When its failure to comply was brought to defendant's attention,
instead of engaging in an act of contrition, defendant's counsel suggested that defendant's failure
to comply was somehow attributable to this Court's courtroom deputy.  In its Response [Doc.
35] to plaintiff's Motion to Strike, defendant sought to justify its failure to comply with Rule
26(a)(3) by stating at ¶¶ 6 and 7, "On June 30, 2010 counsel for IPC received an email
notification from the Courtroom Deputy of Judge G. Patrick Murphy with attached Exhibit
template, pretrial conference instructions and Rule 26 notice. ...  Having just received instruction
on Rule 26 disclosures on June 30th, it would not be prudent to presume the deadline to file Rule
26 disclosures the very next day."

Respectfully Submitted,

PLAINTIFF DEBORAH COOK


BY:    */s/ Lee W. Barron*
Lee W. Barron, IL #06195132
112 Front Street
Alton, IL 62002
Telephone: (618) 462-9160
Facsimile: (618) 462-9167
E-mail: barronatty@aol.com


ATTORNEY FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEBORAH COOK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 09-cv-00275-GPM-CJP |
| | ) | |
| | ) | |
| IPC INTERNATIONAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Dan Boddicker
Keefe Campbell & Associates
118 North Clinton
Suite 300
Chicago, IL 60661

DBoddicker@keefe-law.com

*/s/ Lee W. Barron*