## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH COOK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 09-275-GPM |
| IPC INTERNATIONAL CORPORATION, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is Plaintiff Deborah Cook's motion for attorney fees (Doc. 61). On June 2, 2011, the Court ordered and Plaintiff provided a more definite accounting of expenses (Doc. 108). Defendant IPC International Corporation ("IPC") objects to Plaintiff's request for attorney fees (Docs. 62, 109) and also responded to an Order of the Court requesting billing information (Doc. 112).

Mrs. Cook seeks attorney fees occasioned by IPC's failure to timely comply with Federal Rule of Civil Procedure 26(a)(3) disclosure requirements. In her motion, Mr. Cook's lawyer, Mr. Lee Barron, informs the Court that IPC's blunder caused him to expend an additional 61.4 hours of otherwise avoidable work, which, at his rate of $300.00 per hour, would amount to $18,420.00. IPC argues that all the tasks performed by Mr. Barron were required irrespective of IPC's inattention to the Rules. Mr. Barron points to the Court's inherent power to assess fees in this instance–and there is ample explicit authority in the Federal Rules. *See* FED. R. CIVIL P. 37.

It is difficult to tease out the work on Mr Barron's part that could have been avoided if IPC

had simply followed through and complied with Rule 26(a)(3). However, since IPC's lawyer created the problem, the close-calls go to Mrs. Cook and Mr. Barron.

It is helpful to frame the motion for fees within this case's delinquent discovery chronology. On August 4, 2010, the Court refused IPC's application to file a motion for summary judgment out of time. The Court granted Mrs. Cook's request to effectively bar all of IPC's evidence because IPC had not filed its Rule 26(a)(3) disclosures in time. At the final pretrial conference five days later, IPC's lawyer, Mr. Daniel Boddicker, explained that no later than March of that year all documents had been produced and the depositions of Charles Spann (Mrs. Cook's supervisor) and IPC regional manager, Scott Colburne, had been taken. The documents that had been excluded had been marked and used during these depositions. In short, IPC's lawyer erred by not timely filing disclosures for paper and people that had, in practice, already been disclosed.

At that final pretrial conference August 9, 2010, the Court relented in part, allowing those persons who had already been deposed to testify at trial. The Court also allowed in the late-designated papers (that had earlier been produced). However, IPC's request to designate Jolly Weil, a human resources officer, Ashley Lawrence, a coworker, and Michael Crane, Vice President and General Counsel, was denied. Mr. Barron stated that he did not intend to call Mr. Crane.[1] Mr. Barron sensibly withdrew his objection to the designation of Mr. Colburne and Mr. Spann.

The morning of trial, September 7, 2010, Mr. Barron informed the Court that he understood IPC had only cross-examination to defend itself. He believed only Plaintiff would be allowed to put on any witnesses. However, when directly questioned by the Court, Mr. Barron said that he did not

---

[1] Interestingly, Mr. Boddicker stated at this hearing that Mr. Crane was IPC's "decisionmaker." Mr. Barron made the tactical decision to exploit his opponent's neglect rather than aggressively pursue Mr. Crane's testimony.

object to IPC eliciting direct testimony of Mr. Spann and Mr. Colburne. Next, Mr. Barron pressed the issue of the late exhibit list. Argument on this point disintegrated into a banal who-said and who-did-what regarding the late-designated documents. With discovery in disarray, the Court continued the matter for several months and informed counsel that, as the private agreements and courtesies that are usually par for the course in litigation were not being respected, the Court would entertain Plaintiff's application for attorney fees. The Court issued an Order vacating previous Orders, thus giving the parties time to do additional discovery and cure any real prejudice that Plaintiff might have sustained due to IPC's tardy disclosures (Doc. 57).

As it turned out, the overwrought discovery issues did not matter: IPC only put on Mr. Colburne and Mr. Spann; Mrs. Cook never attempted to develop evidence establishing the identity of the actual decisionmaker (and her case failed for that reason). Mrs. Cook argued that Charles Spann was the decisionmaker, and the jury didn't buy it.

This Court is familiar with market rates for experienced employment counsel practicing in the Southern District of Illinois, and $300.00 per hour is reasonable. This is based on reviewing scores of fee applications in employment cases--taking into account that plaintiffs' counsel is usually, as is the case here, employed on a contingent fee basis. Considering the history and record of this case, Plaintiff's motion, Defendant's response, counsel's affidavit, and the time/billing information provided by both parties, **Mr. Barron and his client, Mrs. Cook, are awarded fees under Rule 37 as follows**:

> 1.5 hours for reviewing untimely Rule 26(a)(3) disclosures
> 
> 1.5 hours for reviewing IPC's motion for leave to file summary judgment motion and phone conference regarding exhibits
> 
> 4.5 hours for traveling to and appearing in Court on September 7, 2010 for the

scuttled trial

11 hours for final trial preparation on September 6, 2010 the day before the scuttled trial

Total time: 18.5 hours

**TOTAL FEES AWARDED: $5,550.00.**

The time for drafting instructions, motions in limine, and abstracting depositions is disallowed, as these matters were required irrespective of IPC's inertia.  The final trial prep time is allowed because it is necessary to do this immediately before trial, no matter how many settings are continued.  Plaintiff Mrs. Cook's motion for attorney fees (Doc. 61) is therefore **GRANTED in part and DENIED in part.**  Plaintiff's counsel shall be awarded fees, but the amount of the fees will total **$5,550.00**, not $18,420.00 as requested.

**IT IS SO ORDERED.**

DATED: July 11, 2011

*s/ G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge