## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:09-cv-00275-JPG-SCW |
| | ) |
| IPC INTERNATIONAL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

# **FINAL PRETRIAL ORDER**

This matter is before the Court at a Final Pretrial Conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure:

**PLAINTIFF'S COUNSEL:**

Lee W. Barron, IL #06195132
112 Front Street
Alton, IL 62002
Telephone: (618) 462-9160
Facsimile: (618) 462-9167
E-mail: Lee@LeeBarronLaw.com

Kim Kirn
112 Front Street
Alton, IL 62002
Telephone: (618) 462-9160
Facsimile: (618) 462-9167
E-mail: klkirn@gmail.com

**DEFENDANT'S COUNSEL:**

Arik Hetue
Keefe Campbell & Associates
118 N. Clinton, Suite 300
Chicago, IL 60661
Telephone: (312)756-1800
Facsimile:  (312)756-1901
E-mail:  ahetue@keefe-law.com

## I. NATURE OF THE CASE

Title VII of the Civil Rights Act prohibits discrimination on account of sex. This is a Title VII case. The plaintiff, Debbie Cook, worked as a security guard and supervisor for defendant, IPC INTERNATIONAL CORPORATION, at the Alton Square Mall, in Alton, Illinois. Her supervisor, was a man named Charley Spann. The plaintiff, Ms. Cook, alleges her employment with defendant was terminated and that her gender and her objections to sexually harassing conduct were motivating factors in defendant IPC's decision to terminate her employment. Defendant concedes that it terminated plaintiff's employment but denies that plaintiff's gender or plaintiff's efforts to resist illegal harassment were factors in IPC's decision to terminate Ms. Cook's employment. Cook asserts that she has experienced damages, including wage loss and emotional distress as a result of the discrimination and retaliation; IPC denies that Cook sustained any damages or damages to the extent asserted by Cook. Ms. Cook seeks punitive damages; IPC denies that any punitive damages should be awarded.

## II. JURISDICTION

    A.    This is an action for:
Money damages, attorneys' fees and injunctive relief.

    B.    The jurisdiction of the Court is not disputed; the claim is brought pursuant to Title VII and the Court's federal question jurisdiction is not disputed.

## III. UNCONTROVERTED FACTS

The following facts are not disputed and have been agreed to and stipulated to by theparties:

    1.    Plaintiff Ms. Deborah Cook was employed by defendant IPC at the Alton Square Mall from January 2005 until early August 2007.

    2.    Ms. Cook had been employed as a security officer for the company that provided security at the Alton Square Mall prior to the time IPC was given the contract to provide security at that location.

      3.      On July 14, 2005, Ms. Cook's work performance was rated by her IPC supervisor as a 4.75 rating on a 1 to 5 scale with 1 being unsatisfactory and 5 being Outstanding Performance.

      4.      On January 14, 2007, Ms. Cook's work performance as a Public Safety Supervisor was rated by her IPC supervisor as a 4.52 rating on a 1 to 5 scale with 1 being unsatisfactory and 5 being Outstanding Performance.

      5.      On June 17, 2007, Charley Spann, evaluated Ms. Cook's performance as a Public Safety Supervisor as a 3.88 on a 1 to 5 scale with 1 being unsatisfactory and 5 being Outstanding Performance.

      6.      On July 27, 2007, Charley Spann, wrote a letter to his boss, IPC Regional Manager, Scott Colburne; Mr. Spann in the letter to the IPC Regional Manager was highly critical of Ms. Cook; among the criticisms Spann leveled against Cook were multiple allegations of theft.

      7.      IPC generally uses progressive discipline to inform employees that their performance needs improvement.

      8.      On July 28, 2007, Mr. Spann handed Ms. Cook a written "Final Warning."

      9.      In no place in the July 28, 2007 written "Final Warning," does Mr. Spann reference any allegations of theft or lying.

      10.      On Thursday, August 2, 2007, IPC Regional Manager Mr. Colburne visited the Alton Square Mall.

      11.      On Thursday, August 2, 2007, IPC Regional Manager Mr. Colburne met in person with Ms. Cook.

      12.      On Thursday, August 2, 2007, after her discussion with IPC Regional Manager Mr. Colburne, Ms. Cook returned to her position as Public Safety Supervisor at the Alton Square Mall.

      13.      On, Tuesday, August 7, 2007, Ms. Cook turned in her uniforms to IPC.

      14.      IPC employees more than 500 employees.

**IV.     AGREED TO ISSUES OF LAW**

The parties agree that the following are the issues to be decided by the Court:

1.      If the jury returns a verdict for plaintiff, the amount of attorneys' fees, costs, and expenses to be awarded to plaintiff.

2.      Appropriateness of tendered instructions.

3.      Ruling on the admissibility of evidence.

4.      Ruling on objections made by either party at trial.

**V.      WITNESSES**

A.      List of witnesses plaintiff expects to call, including experts:

     1.      Expert witnesses.

None

     2.      Non-expert witnesses.

Plaintiff Deborah Cook

Charlie Eugene Spann, Sr.
IPC has agreed to voluntarily produce Spann at trial on the first day of trial.

Scott Bryce Colburne
IPC has agreed to voluntarily produce Colburne at trial on the first day of trial.

<u>May Call</u>:

Representative(s) of Defendant IPC who may appear at trial or be present in Courtroom.

B.      List of witnesses defendant expects to call, including experts:

     1.      Expert witnesses.

None

     2.      Non-expert witnesses.

Plaintiff Deborah Cook

    Charlie Eugene Spann, Sr.

    Scott Bryce Colburne

    C.    Rebuttal witnesses. Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

### VI. EXHIBITS

The parties shall prepare and append to the Final Pretrial Order a Pretrial Exhibit Stipulation, which shall be on a separate schedule. The Pretrial Exhibit Stipulation shall contain the style of the case, be entitled "Pretrial Exhibit Stipulation," shall contain each party's numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit, including briefly the basis of the objection. All parties shall list their exhibits in numerical order. Where practicable, copies of all exhibits to which there is an objection will be submitted with the stipulation.

The burden for timely submission of a complete list is on plaintiff. Each party is to submit a pre-marked copy of each exhibit for the Court's use at trial.

Exhibit list with objections attached.

### VII. DAMAGES
Plaintiff seeks wages lost for the length of time she was unemployed until November 2011.

Plaintiff seeks compensatory damages including wage loss in an amount fixed by the jury.

Plaintiff seeks punitive damages in an amount fixed by the jury

### VIII. BIFURCATED TRIAL
Neither party seeks a bifurcated trial.

### IX. TRIAL BRIEFS
Either party may file with the Court a trial brief on any difficult factual or evidentiary issue.

### X. LIMITATIONS, RESERVATIONS, AND OTHER MATTERS
    A.    **Trial Date.** Trial of this cause is set for the week of August 20, 2012.
    B.    **Length of Trial**. The probable length of trial is 3 days. The case will be listed on the trial calendar to be tried when reached.
        **Mark Appropriate Box:**    JURY. . . . . . . . .X

      C.      **Number of Jurors.** There shall be a minimum of six jurors.
      D.      **Jury Voir Dire.** The Court will conduct voir dire. Limited participation by counsel may be permitted. If voir dire questions are to be tendered, they should be submitted with the Final Pretrial Order.
      E.      **Jury Instructions.** All jury instructions shall be submitted as directed by the presiding judge and a copy delivered to opposing counsel.

**IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action or before to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court.

**IT IS SO ORDERED.**                      DATED: July 23, 2012

                                              s/ J. Phil Gilbert
                                            **United States District Judge**

Agreed as to form and substance:

/s/ *Lee W. Barron*                               /s/ *Arik Hetue* (with consent)
Lee W. Barron, on behalf of plaintiff               Arik Hetue, on behalf of defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:09-cv-00275-JPG-SCW |
| | ) |
| IPC INTERNATIONAL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**PRETRIAL EXHIBIT STIPULATION**

Number    Description                              Objection    If objection, state grounds

| P. # | D. # | Description |
|---|---|---|
| 1 | | Personnel Action Notice 07/25/2005 |
| 2 | | Performance Review 7-14-2006 |
| 3 | | Performance Review 1-14-2007 |
| 4 | | Performance Review 6-17-2007 |
| 5 | | Spann to Colburne 7/27/2007 - 3 page fax |
| 6 | | Spann e-mail to Weil & Colburne 7/27/07 11:33am |
| 7 | | MEMO - Final Warning 07/28/ 07 |
| 8 | | Spann e-mail to Colburne & Weil, 7/28/2007 2:11 PM |
| 9 | | Spann e-mail to Colburne & Weil, 7/28/2007 2:31 PM |
| 10 | | Spann e-mail to Colburne & Weil, 7/31/2007 7:51 AM |
| 11 | | Spann e-mail to Weil, 7/31/2007, 9:55 AM |

| P. # | D. # | Description | | |
|------|------|-------------|---|---|
| 12 | | Spann e-mail to Colburne and Weil, 7/31/2007, 1:07 PM | | |
| 13 | | Spann e-mail to Colburne, 7/31/2007, 13:06:35 and Colburne response | | |
| 14 | | Alleged Dane Spaulding 2 page statement, 8/31/2007, 2:16 PM | | |
| 15 | | Colburne message to Weil CC: Bartosiewicz, 8/01/9:33 AM and Weil response 9:48 AM | | |
| 16 | | Spaulding Alleged Statement, 8/1/2007, 11:48 AM | | |
| 17 | | Robert D. Lee handwritten note dated 8/2/2007 | | |
| 18 | | Colburne e-mail to Weil, 8/04/2007, 12:03 AM | | |
| 19 | | Spann e-mail to Colburne, 8-4-07, 9:05 AM | | |
| 20 | | Colburne, e-mail to Weil, 8-07-2007, 3:35 PM "she doesn't know we termed her" | | |
| 21 | | Colburne, e-mail, 08/21/2007, 4:45 PM | | |
| 22 | | Spann e-mail to Colburne, 9/28/07, 8:19 AM | | |
| 23 | | Alton Square Public Safety Officer Work Schedule, Revised July/August 2007 | | |
| 24 | | Spann application for employment | | |
| 25 | | Continuing Education Audit Form 02/01/07 | | |
| 26 | | Pocket Size Policies & Procedures Manual (47 pages) | | |

| P. # | D. # | Description | | |
|---|---|---|---|---|
| 27 | | Pre-Assignment and Basic Training Workbook (Multiple pages) | | |
| 28 | | Colburne and Spann exchange of e-mails October 3, 2007 | | |
| | 29 | Response to Plaintiff's Request for Production Number 20 (Records that reflect the gender make up of Alton Square work force from 2006 through the present) | x | Objection. Summary without supporting documentation. Foundation. Authenticity. This appears to be a document created solely for litigation and trial. Not a business record - hearsay. |
| | 30 | Cook Certified Instructor Program "Self Study Workbook and Certification Exam" (110 pages) | x | FRE 402, 403 - relevancy |
| | 31 | Policy Acknowledgment signed by Cook confirming employment at will relationship and her responsibility for knowing and understanding the policies and procedures | | |
| | 32 | "Workplace Harassment Zero Tolerance Policy" signed by Cook 1-21-05 | | |
| | 33 | Training Record Acknowledgment signed by Cook 3-26-05 | | |
| | 34 | IPC Employment Rules and Policies Copyright 1987 Revised 02/02 (47 pages) | | |
| | 35 | IPC International "Workplace Harassment is Forbidden by Law" and "Grievance Chain of Command" brochure | | |
| | 36 | IPC "Continuing Education Audit Form: signed by Cook 1-17-06 | | |

| P. # | D. # | Description | | |
|---|---|---|---|---|
| | 37 | IPC "Continuing Education Audit Form: signed by Cook 5-4-06 | | |
| | 38 | IPC "Continuing Education Audit Form: signed by Cook 2-1-07 | | |
| | 39 | IPC "Continuing Education Audit Form: signed by Cook 5-1-07 | | |
| | 40 | Google Maps group exhibit of directions from Cook's home to the Alton Square Mall, Jamestown Mall and St. Louis Mills Mall | x | FRE 402, 403, hearsay, foundation. Document confusing and misleading. |
| | 41 | IPC International "Pass on Log" dated 12-26-05 to 7-26-07 (47 pages) | | |
| | 42 | Cook "Notebook" (43 pages) | x | these are multiple documents, not properly a group exhibit ... some may be admissible and others not; should be offered individually - create confusion - no possible for any witness to testify to each page |
| | 43 | Cook Calendar November 6, 2006 to December 31, 2006 (12 pages) | | |
| | 44 | Cook Calendar January 1, 2007 to December 30, 2007 (52 pages) | x | Multiple page document, group exhibit likely to confuse. |
| | 45 | June 6 2007 email from Colburne to Bartosiewicz at 11:23 am | x | hearsay within hearsay |
| | 46 | Letter from IPC Officer regarding pass on log entry of June 2, 2007 | x | hearsay, authenticity, foundation, |
| | 47 | July 10, 2007 email from Spann to Colburne at 1:50 pm | x | foundation, hearsay, authenticity, not a business record |
| | 48 | Dane Spaulding signed email dated 7-31-07 | x | foundation, hearsay, authenticity, not a business record - hearsay within hearsay |

Page 4 of 5

| P. # | D. # | Description | | |
|---|---|---|---|---|
| | 49 | July 11, 2007 email from Spann to Colburne at 4:55 pm | x | foundation, hearsay, authenticity, not a business record - hearsay within hearsay |
| | 50 | July 31, 2007 email from Spann to Colburne at 1:07 pm | x | FRE 402, 403, hearsay, foundation, authenticity |
| | 51 | August 4, 2007 email from Colburne to Weil at 12:03 am | | |
| | 52 | Spann email to Colburne August 1, 2007 at 10:01 am | x | FRE 402, 403, hearsay, foundation. Document confusing and misleading. |
| | 53 | lboone@talx e-mail Cook unemployment claim | x | Relevance.  Collateral source rule.  Unemployment compensation is a collateral source.  Garon v. Miller Container Corp., 2007 U.S. Dist. LEXIS 3561 (C.D. Ill. Jan. 18, 2007)  self serving hearsay - not a business record |
| | | | | |
| | | | | |

Agreed as to form and substance:

*/s/Lee W. Barron*                                              */s/ Arik Hetue* (with consent)
_____              _____
Lee W. Barron, on behalf of plaintiff                          Arik Hetue, on behalf of defendant