IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH COOK, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) CASE NO. 3:09-cv-00275 |
| | ) |
| IPC INTERNATIONAL CORPORATION, | ) |
| | ) |
| Defendant(s). | ) |

### IPC INTERNATIONAL CORPORATION'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE

Defendant, IPC International Corporation ("IPC") by and through its attorneys Arik D. Hetue, of Keefe, Campbell, Biery & Associates, LLC, for its response to the Plaintiff's Motions In Limine states as follows:

### Unemployment Compensation

The purpose of the collateral source rule is not to prevent the plaintiff from being overcompensated, but rather to prevent the tortfeasor from paying twice. Perry v. Larson, 794 F.2d 279, 286 (7th Cir. 1986) (citing Thomas v. Shelton, 740 F.2d 478, 484 (7th Cir.1984). Defendant does not seek to address the amount of compensation Plaintiff sought or received via unemployment benefits, nor does it seek to reduce a damages award by any such amount.

Defendant seeks to elicit testimony of *when* Plaintiff filed for unemployment, as of the date of filing for same Plaintiff had not been advised her employment relationship had ended, and she still had a non-negotiable transfer offer pending from IPC. The purpose of the introduction of this evidence is to establish Plaintiff's state of mind on the date she filed for unemployment.

Defendant respectfully requests Plaintiff's Motion in Limine seeking to bar evidence or testimony regarding seeking of unemployment benefits be denied.

### Reference to Prior Jury Trial and the Outcome of the Prior Jury Trial in this Matter

IPC is in agreement with Plaintiff with regard to reference to the prior jury trial. IPC requests this court follow Plaintiff's suggestion as noted in their Motion in Limine as follows:

Plaintiff suggests the Court instruct the parties that if reference to the trial transcript of the prior trial is used for impeachment purposes, the party seeking to use the prior trial testimony shall state, *"did you previously testify under oath in this matter as follows: _____?"* When counsel is referring to a transcript, counsel shall simply refer to transcript by volume number and page number. No reference to the words "prior jury" or "prior trial" or "first trial" or "first jury" or any words or phrases of that ilk shall be used. All witnesses shall be instructed by the appropriate counsel to avoid reference to the prior trial.

Wherefore, IPC respectfully requests Plaintiff's Motion in Limine regarding Reference to the Prior Jury Trial be granted, and that it be applied to all parties.

## Bar Defendant IPC From "Mending the Hold" – Defendant Barred From Offering a Reason for the Termination of Plaintiff's Employment

Plaintiff seeks to simplify a complex issue before this Court. Cook would have this Court believe that throughout the prior proceedings, IPC first argued that they did not fire Cook but then confusingly argued that they had fired her. Cook would prefer that we did not dissect the testimony and chronology of events when considering this accusation of inconsistency.

Prior to delving into a factual discussion, IPC raises the issue that the Mend the Hold Doctrine forbids a *contract party*, particularly an insurance company, from switching its defenses in the middle of litigation *over a contract*. See generally Utica Mutual Ins. Co. v. Vigo Coal Co., 393 F.3d 707, 716 (7th Cir.2004), Houben v. Telular Corp., 309 F.3d 1028, 1036 (7th Cir.2002), United States v. Newell, 239 F.3d 917, 922 (7th Cir.2001), and Harbor Ins. Co. v. Continental Bank Corp., 922 F.2d 357, 362-64 (7th Cir.1990). This matter does not involve a contract dispute.

The Seventh Circuit has also stated "the Illinois courts have held that the mend the hold doctrine cannot be applied absent a showing of detriment or unfair surprise." First Bank & Trust Co. of Illinois v. Cimerring, 365 F. App'x 5, 8 (7th Cir. 2010) Here there is neither, as at all times IPC has argued Plaintiff refused a transfer offer and Plaintiff was aware of these arguments. IPC had at all times maintained that it did not terminate Cook on August 2nd 2007 but rather, provided her with a non-negotiable transfer. IPC further maintained at all times that her supervisor Spann did not "fire" Cook on August 4th, as regional manager Colburne had already advised Cook two days earlier she no longer had a position at her then current place of employ, the Alton Square Mall. IPC fully acknowledges that, one week after the non-negotiable transfer offer was made and refused, Cook's employment was eventually recorded in its computer system

as "terminated" on August 10, 2007. More specifically, Colburne testified and the exhibits from the initial trial reflect that on August 10, 2007, Cook's employment was noted as retroactively terminated effective August 3, 2007 due to her refusal to accept a transfer offer. [TOP-II, p. 252, ln.7-14, p. 117, ln.8]

At all times when IPC argued Cook was not "fired" it was in reference to the events of August 2-4, 2007. Furthermore, IPC had always argued Cook was advised she no longer had a position at Alton Square, was offered a transfer, and specifically not fired in that first week of August 2007. When she refused a transfer, *she ended her employment relationship with IPC*. This is critical, as it specifically points to the ending of the relationship. When testifying during IPC's case-in-chief, Colburne explained on August 10, 2007 Cook's employment was retroactively noted as "terminated" effective August 3, 2007 due to her refusal to accept a transfer to the Jamestown Mall, however this action did not occur until after Cook had self-terminated her own employment by refusing the transfer offer. [TOP-II, p. 252, ln.7-14]

IPC argued that nothing Spann or Colburne did from August 2 through August 4, 2007 constituted a termination. Nevertheless, IPC at all times maintained Cook's employment *ended*, not via termination, but when Cook refused the transfer offer. While IPC denied having fired Cook, it was clear they argued her employment ended due to her refusing to accept a transfer. At all times, IPC argued Cook refused a valid transfer offer, and in so doing voluntarily ended her employment. When that occurred, and she failed to respond to contact attempts from Colburne, as Colburne testified, IPC argued it had no choice but to enter a termination code in its record keeping system; the termination notice was entered on August 10, 2007 and effective August 3, 2007.

4

Plaintiff states in her Motion in Limine on this topic "The "mend the hold" doctrine prohibits a party from cooking up some new defense in the middle of litigation, once the party's initial defense has been rejected;" here Defendant has always argued Plaintiff self-terminated her own employment when she voluntarily refused the non-negotiable transfer offer. Plaintiff further states "Defendant IPC, throughout the first trial, in its response to the plaintiff's Rule 36 Request to Admit, through closing argument to the jury, and on appeal to the Seventh Circuit insisted it had not terminated plaintiff's employment." This is not entirely accurate. Plaintiff's Rule 36 Request to Admit read as follows:

- **Defendant terminated plaintiffs employment.**

IPC responded with a denial, as at all times it has maintained *Plaintiff terminated her own employment when she refused the non-negotiable transfer offer*. That IPC had to enter a termination into their electronic records following Plaintiff's refusal of a transfer was never denied by IPC.

With regard to arguments at trial, and on appeal, IPC again maintained the stance Plaintiff's employment was self-terminated when she refused the transfer offer. During the course of the initial trial, testimony was elicited regarding the entry of the "termination" code in the IPC computers, and the jury did find Plaintiff was in fact terminated. The question central to this matter is when her employment was terminated and who initiated the termination – IPC has always argued it was Cook's actions of failing to respond to the transfer offer that ended the employment relationship.

In actuality, what Plaintiff seeks via this motion is to limit IPC from arguing in the alternative, should the jury find Cook was in fact terminated. This is a fundamental defense to this claim, and a position which has been maintained since the initial outset of the claim –

5

Plaintiff was not terminated by IPC but rather, she voluntarily ended her relationship with IPC. However, if the jury does find she was terminated, IPC should not be barred from discussing alternative reasons as to why she was terminated.

In response to Plaintiff's assertion that they may seek to follow a Cat's Paw theory of recovery, IPC takes issue with the fact that no such theory was every plead, up through and including during the Appeal of the initial decision. Plaintiff has at all times been privy to the information IPC presented regarding the transfer offer made by Colburne. During Colburne's deposition the individuals who were involved in the decision to offer the transfer were identified and Plaintiff never sought to depose them. Later, prior to trial, IPC sought leave to allow those individuals to testify live, and Plaintiff successfully barred them from presenting. To argue that they have never been made aware of who these individuals are is disingenuous. This Court has already ruled said individuals will be barred from presenting testimony, and if Plaintiff intends to prosecute her claim in an entirely different fashion, Defendant respectfully requests leave to have these parties present for testimony regarding the nature of the transfer offer.

Wherefore, IPC respectfully requests Plaintiff's Motion in Limine regarding Mending the Hold be denied and Plaintiff be precluded from arguing a Cat's Paw theory of recovery, or in the alternative, if granted, and Defendant is barred from arguing Plaintiff was terminated, that they be allowed to argue she self-terminated her employment due to the refusal to accept the transfer offer, consistent with all prior discovery and testimony.

Dated: August 7, 2012

                                              Respectfully Submitted,

                                              /s/ Arik D. Hetue

                                              Arik D. Hetue

Arik D. Hetue  
Keefe, Campbell, Biery & Associates, LLC  
118 N. Clinton St.  
Suite 300  
Chicago, IL 60667  
Telephone: (312)756-1800  
Facsimile: (312) 756-1901  
E-mail: ahetue@keefe-law.com  
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DEBORAH COOK, | ) |
| | ) |
| **Plaintiff(s),** | ) |
| | ) |
| vs. | ) **CASE NO.** 3:09-cv-00275 |
| | ) |
| IPC INTERNATIONAL CORPORATION, | ) |
| | ) |
| **Defendant(s).** | ) |

# CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2012, I electronically filed the foregoing Defendant, IPC International Corporation's Response to Plaintiff's Motions in Limine with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

>Lee W. Barron at barronatty@aol.com
>Kim L. Kirn at klkirn@gmail.com


>s/ Arik D. Hetue
>Attorney for IPC International Corporation

Keefe, Campbell, Biery & Associates, LLC
118 N. Clinton St.
Suite 300
Chicago, IL 60667
Telephone: (312)756-1800
Facsimile: (312) 756-1901
E-mail: ahetue@keefe-law.com
ATTORNEY FOR DEFENDANT