IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEBORAH COOK,

    Plaintiff,

vs.

IPC INTERNATIONAL CORPORATION,

    Defendant.

Case No. 09-CV-275

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Deborah Cook's ("Cook") Rule 37(c)(2) and 28 U.S.C. § 1927 motion for attorneys' fees, expenses, and costs (Doc. 145) in which Cook identifies three statements that defendant IPC International Corporation ("IPC") should have admitted in its answer to Cook's request to admit. IPC filed its response (Doc. 151).

Federal Rule of Civil Procedure 37(c)(2) provides that the district court must order an award of reasonable expenses, including attorney's fees, against a party who improperly fails to admit a Rule 36 request to admit. Fed. R. Civ. P. 37(c)(2). Rule 37 provides the following exceptions to the imposition of fees: (1) "the request was held objectionable under Rule 36(a)"; (2) "the admission was of no substantial importance"; (3) "the party failing to admit had a reasonable ground to believe that it might prevail on the matter"; and (4) "there was other good reason for the failure to admit." *Id*. Further, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously" may be required to personally pay any excess costs, expenses or attorneys' fees incurred because of the conduct. 28 U.S.C. § 1927.

**I.    Request to Admit 10: Defendant terminated plaintiff's employment.**

First, Cook asserts that IPC improperly denied terminating Cook's employment. To support its argument, Cook cites to portions of the transcript from the first trial in which IPC

maintained it did not terminate Cook.  Then, Cook compares this to the special verdict form from the first trial wherein the jury found that IPC terminated Cook.  Cook also points to arguments IPC made to the Seventh Circuit in IPC's petition for panel rehearing wherein IPC stated it had always admitted terminating Cook.

In its response, IPC asserts it properly denied terminating Cook.  IPC maintains that it did not fire Cook, but offered her a transfer.  When Cook refused that transfer, she voluntarily terminated the employment relationship.  If IPC had admitted that it terminated Cook, IPC asserts it would have been precluded from arguing in the alternative that Cook was not terminated because of her gender.  Further, IPC points out the confusion surrounding the issue of Cook's termination.  While IPC maintains it did not "fire" Cook, it did enter a termination code in its computer system after Cook refused the transfer offer.

Here, there seems to have been confusion over the word "terminate" throughout this case providing other good reason for the failure to admit.  Cook has used the term to mean that the company ended her employment or "fired" her.  IPC has used the term to mean that it entered a termination code in the computer after Cook voluntarily refused to accept a transfer offer.  Further, IPC had a reasonable ground to believe that it might prevail in asserting its alternative defense.  Specifically, IPC argued that if the jury did determine that IPC terminated Cook, it was not motivated by her sex.  Accordingly, with regard to request to admit ten, the Court finds an award of reasonable expenses, including attorney's fees, pursuant to Rule 37(c)(2) inappropriate.  For the same reasons, the Court finds that IPC's counsel's refusal to admit request to admit ten was neither unreasonable nor vexatious and declines to require IPC's counsel pay costs, expenses or attorneys' fees pursuant to 28 U.S.C. § 1927.

## II.     Request to Admit 11: Plaintiff's written evaluations were all at the "meets expectations" level or higher.

Second, Cook asserts that IPC improperly denied that Cook's written evaluations were all at the "meets expectations" level or higher. Cook refers to a management employee's admission of this fact at trial in support of its argument. In its response, IPC admits it should have supplemented its answer to request to admit eleven with an admission. However, IPC asserts it falls into two Rule 37(c)(2) exceptions because "the admission was of no substantial importance" and "there was other good reason for the failure to admit." Specifically, IPC maintains that the claims at issue had nothing to do with Cook's performance and Cook had numerous infractions and disciplinary remarks not reflected on her evaluations.

Here, the Court finds IPC's failure to admit this request inexcusable. As Cook points out, this request only required IPC to review three evaluations. Further, pursuant to Federal Rule of Civil Procedure 26(e), IPC was under an ongoing obligation to supplement its answer to Cook's request for admission. As is obvious from IPC's management employee's testimony, IPC did become aware at some point that it incorrectly answered this request to admit. Accordingly, at least at that point, IPC had a duty to supplement its response.

The Court, however, does not find that this failure to admit rises to the level of an award of attorney's fees. This case was concerned with sexual discrimination and retaliation. Accordingly, whether Cook's evaluations were at the "meets expectations" level was of no *substantial* importance to this litigation. Thus, the Court declines to order IPC to pay attorney's fees pursuant to Rule 37(c)(2) based on its failure to admit request to admit eleven. Further, there is no indication that the proceedings were "multiplied" in such a manner to justify an award of costs pursuant to 28 U.S.C. § 1927.

> **III.    Request to Admit 12: After plaintiff's employment with defendant was terminated, defendant hired a male employee to take plaintiff's position.**

Third, Cook asserts that IPC improperly denied that IPC hired a male employee to fill Cook's position after her termination. Cook refers to a management employee's admission of this fact at trial in support of her argument. IPC maintains that its denial was appropriate because it had "other good reason for the failure to admit." Here, IPC argues that it did not "hire" a male employee. Rather, a former co-worker only assumed Cook's duties until Cook's position was eliminated.

Here, IPC reasonably argued that it did not actually "hire" a male employee to replace Cook. As IPC asserts in its response to Cook's instant motion, it had a reasonable ground to believe that it might prevail on its argument. Accordingly, because IPC's failure to admit it hired a male employee falls into an exception under Rule 37(c)(2) the Court declines to award attorney's fees, expenses, and costs based on IPC's failure to admit request to admit twelve. For the same reasons, the Court finds that IPC's counsel's refusal to admit request to admit twelve was neither unreasonable nor vexatious, and declines to require IPC's counsel to pay costs pursuant to 28 U.S.C. § 1927.

Therefore, Cook's motion for attorneys' fees, expenses, and costs pursuant to Rule 37(c)(2) and 28 U.S.C. § 1927 (Doc. 145) is **DENIED**.

**IT IS SO ORDERED.**
**DATED:**  August 23, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
