IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEBORAH COOK,

    Plaintiff,

vs.

IPC INTERNATIONAL CORPORATION,

    Defendant.

Case No. 09-cv-275-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Deborah Cook's ("Cook") Rule 59 motion for a new trial and to reconsider the denial of her Rule 37 fee petition and 28 U.S.C § 1927 motion (Doc. 172). Defendant IPC International Corporation ("IPC") filed a response (Doc. 173). For the following reasons the Court denies Cook's motion in its entirety.

**1. Rule 59 Motion for a New Trial**

Cook asserts the Court should grant her a new trial because the Court admitted unauthenticated hearsay documents that went to the jury, and because the Court failed to take "curative action" or strike defendant's pleadings after plaintiff pointed out defendant's discovery violations. Federal Rule of Civil Procedure 59(a)(1)(A) allows the Court to grant a new jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." This includes where the verdict is against the manifest weight of the evidence, the damages are excessive, or the trial was unfair to the moving party. *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004). "The improper admission of evidence provides a basis for granting a new trial only if the error is prejudicial." *Cook v. Hoppin*, 783 F.2d 684 (7th Cir. 1986) (citing 6A J. Moore, *Moore's Federal Practice* ¶59.08[2], at 59-83 (1985)).

Here, Cook alleges that the Court improperly admitted unauthenticated hearsay documents containing hearsay statements made by Dane Spaulding and Joe Dumey and sent those documents to the jury. Cook asserts that the Court initially admitted these documents because they were not being offered for the truth of the matter asserted. Then, over Cook's objection, the Court admitted the documents for the truth of the matter asserted. Defendant's response argues that the two letters by Joe Dumey and Dane Spaulding were authenticated at trial and properly admitted pursuant the business records exception to the hearsay rule found in Federal Rule of Evidence 803(b).

Federal Rule of Evidence 803(b) provides that business records are an exception to the rule against hearsay regardless of whether the declarant is available as a witness. Specifically, Rule 803(b)(6) defines "records of a regularly conducted activity" as follows:

> A record of an act, event, condition, opinion, or diagnosis if : (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(b)(6). The record indicates that the letters in question were authenticated by Charley Spann and admitted properly within the Court's discretion as a business record. Cook fails to indicate why the witness's authentication of the records was inappropriate. Further, Cook fails to explain why this letter would not qualify as business record. Even if this record were improperly admitted, Cook has failed to argue how such an error was prejudicial.

Next, Cook asserts that "[IPC] has willfully and repeatedly violated the most elementary and fundamental rules of discovery and civil procedure, thus depriving plaintiff of a fair trial,

and a new trial is warranted." Doc. 172, p. 2. The Court does not agree with Cook's characterizations of IPC's conduct. Cook also fails to explain to the Court how IPC's alleged discovery violations made her trial unfair. Accordingly, the Court denies Cook's motion for a new trial on both the grounds that the Court improperly admitted evidence and IPC's discovery violations resulted in an unfair trial.

    **2. Motion to Reconsider Denial of Rule 37 Fee Petition and 28 U.S.C. § 1927 Motion**

Cook also asks this Court to reconsider its denial of her Rule 37 Fee Petition and motion pursuant to 28 U.S.C. § 1927. It is well settled that relief pursuant to a Rule 60(b) motion is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).

    First, Cook argues that this Court's order denying her Rule 37 request for fees was in error when it determined that one of IPC's responses to Cook's request to admit was in error, but was not of significant importance. Federal Rule of Civil Procedure 37(c)(2) provides that the

district court must order an award of reasonable expenses, including attorney's fees, against a party who improperly fails to admit a Rule 36 request to admit. Fed. R. Civ. P. 37(c)(2). Rule 37 provides the following exceptions to the imposition of fees: (1) "the request was held objectionable under Rule 36(a)"; (2) "the admission was of no substantial importance"; (3) "the party failing to admit had a reasonable ground to believe that it might prevail on the matter"; and (4) "there was other good reason for the failure to admit." *Id*.

Cook argues that the Court erred because defendant's closing argument "repeatedly attacked the quality of plaintiff's work performance, pointed to documents which defendant argued showed that plaintiff did not get along well with her co-workers, while the job performance evaluations showed exactly the opposite." Doc. 172, p. 2. While Cook's evaluations may be *important*, they did not directly evidence gender discrimination or retaliation against Cook. The rule specifically references *substantial* importance, and the Court here cannot conclude that this admission was of *substantial* importance.

Further, even if the Court were to conclude that the failure to admit was of substantial importance, the Court would still decline to award expenses. In determining an award pursuant to Rule 37(c)(2) the court looks

> for a sufficient causal nexus between the expenses claimed, and the failure to admit. In other words, the court may ask, "if the party to whom the requests were sent had admitted the matters that it should have admitted, which facts would the propounding party not have to prove?" The reasonable expenses incurred in proving those facts are recoverable. If a party's failure to admit did not cause the propounding party to incur additional expenses ..., no award would be justified.

*Hicklin Eng'g, L.C. v. Bartell*, 2005 WL 3805914, at *1 (E.D.Wis Mar. 31, 2005) (quoting 3 James Wm. Moore et al., Moore's Federal Practice § 13.31 (3d ed. 2004 supp.)). Cook has not asserted that IPC's failure to admit that Cook's written evaluations were at the "meets expectations" level or higher caused Cook to incur additional expenses. For instance, if Cook

received these documents in the normal course of discovery, then IPC's failure to admit did not actually cause Cook to incur additional expenses. Accordingly, after reconsidering Cook's motion, the Court denies Cook's Rule 37 motion regarding IPC's failure to properly admit Cook's written evaluations were at the "meets expectations" level or higher.

Next, Cook asserts that the Court failed to rule upon her 28 U.S.C. § 1927 motion. Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously" may be required to personally pay any excess costs, expenses or attorneys' fees incurred because of the conduct. 28 U.S.C. § 1927. In her original motion for fees pursuant to 28 U.S.C. § 1927 (Doc. 145), Cook alleged as follows:

> In violation of 28 U.S.C. § 1927, defendant wrongfully denied it terminated plaintiff's employment, defendant denied what is clearly represented on plaintiff's written evaluations, defendant denied the gender of the employee who replaced plaintiff, defendant repeatedly failed to file pretrial Rule 26(a) disclosures in a timely fashion, defendant attempted to file a motion for summary judgment well outside the deadline set by court order, defendant, in its petition for panel rehearing, grossly misrepresented to the Seventh Circuit the record before the District Court, and defendant has acted in an "objectively unreasonable manner" by engaging in "serious and studied disregard for the orderly process of justice."

Doc. 145, p. 7. From this suggestion, the Court is left to wonder whether Cook's counsel read the order denying her motion (Doc. 170), because the Court explicitly considered 28 U.S.C. § 1927. Nevertheless, the Court will point out where it considered each of Cook's factors supporting her 28 U.S.C. § 1927 motion in turn.

In this Court's order, with regard to Cook's allegation that IPC "wrongfully denied it terminated [Cook's] employment," the Court specifically noted that it did not find IPC's counsel's refusal to admit termination unreasonable or vexatious for the same reasons it discussed when it denied Cook's Rule 37 motion for fees. Doc. 170, p. 2.

Next, with regard to Cook's assertion that the Court did not address the portion of her motion alleging that "defendant denied what is clearly represented on plaintiff's written evaluations," the Court is left to guess to which of IPC's actions Cook is referring. The Court assumes Cook is referring to IPC's failure to admit that Cook's written evaluations were at the "meets expectations" level or higher. With respect to this portion of Cook's argument the Court found there was "no indication that the proceedings were 'multiplied' in such a manner to justify an award of costs pursuant to 28 U.S.C. § 1927." Doc. 170, p. 3.

Cook next supported her 28 U.S.C. § 1927 by alleging that "[IPC] denied the gender of the employee who replaced [Cook]." Again, the Court addressed this argument and found that IPC's counsel's conduct was "neither unreasonable nor vexatious, and decline[d] to require IPC's counsel to pay costs pursuant to 28 U.S.C. § 1927." Doc. 170, p. 4

Cook also asserts the Court did not address her argument that IPC "repeatedly failed to file Rule 26(a) disclosures in a timely fashion." This is the extent of Cook's argument. Cook fails to point to specific instances of IPC's misconduct or how this conduct "multiplie[d] the proceedings in [this] case unreasonably and vexatiously." Accordingly, the Court declined to address this unsupported argument. Even if it were to take up this argument, the Court has not been presented with any evidence that IPC's counsel's actions were unreasonable or vexatious.

Cook also asserts that the Court did not address the portion of her 28 U.S.C. § 1927 wherein it asserted that IPC "grossly misrepresented to the Seventh Circuit the record before the District Court." Doc. 145, p. 7. Again, the Court addressed IPC's arguments made to the Seventh Circuit in its petition for panel rehearing. Doc. 170, p. 2.

Finally, Cook asserts that "[IPC] has acted in an 'objectively unreasonable manner' by engaging in 'serious and studied disregard for the orderly process of justice.'" Because Cook

6

does not separate this allegation out and support it with specific instances of IPC's conduct, the Court can only assume that Cook is referring to the conduct in her motion which the Court addressed in full as explained above.

Accordingly, the Court denies the portion of Cook's motion requesting this Court reconsider her earlier order.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Cook's motion (Doc. 172) requesting a new trial and requesting the Court reconsider its earlier order.

**IT IS SO ORDERED.**

**DATED:** October 29, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
